UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY ROMANUS LUAMBANO,

        Petitioner,

                                        Case No. 2:14-cv-139
v.                                                HON. GORDON J. QUIST

REBECCA ADDUCCI,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Petitioner Anthony Romanus Luambano filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 for his release from the custody of the Department of Homeland Security, United States Immigrations and Customs Enforcement (ICE).  Petitioner, a native and citizen of Tanzania, entered the United States on a six month visa to attend the 2001 International Boy Scout Jamboree in Virginia.  In July 2001, Petitioner left the Jamboree and was reported missing.  Petitioner sought asylum under the Convention Against Torture  (CAT).  In March 2008, an Immigration Judge denied Petitioner's application for asylum and ordered Petitioner removed from the United States.

        Petitioner appealed the Board of Immigration Appeals' order denying his application for asylum.  The Sixth Circuit Court of Appeals granted the petition and remanded for further proceedings.  Unfortunately, Petitioner was then convicted of delivering or manufacturing, or possessing with intent to deliver, between five and forty-five kilograms of marijuana in violation of MCL § 333.7401(2)(d)(ii).  Petitioner's conviction made him ineligible for asylum.  Petitioner

then applied for withholding removal under the Immigration and Nationality Act (INA) and under CAT.

An Immigration Judge denied these requests, due to the seriousness of Petitioner's crime. Petitioner was ordered removed form the United States to Tanzania. Petitioner's appeal to the BIA was denied. Petitioner appealed to the Sixth Circuit Court of Appeals. The application was denied. Travel documents were issued and Petitioner was scheduled for removal on July 28, 2014. On that date, Petitioner was transported to Detroit for deportation. Petitioner refused and resisted. The ICE determined that it was unsafe to remove Petitioner at that time. It was determined that Petitioner was a threat to the safety of the passengers and crew of any airplane in an unescorted removal. Plaintiff was then given a Notice of Failure to Comply under 8 CFR 241.4(g) and advised that his continued willful failure to comply with the removal may subject him to criminal prosecution under 8 U.S.C. § 1253(a).[1]

Petitioner maintains that pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), six months is the presumptively reasonable period during which the ICE may detain aliens in order to effectuate their removal. Petitioner claims that his continued detention is unlawful and that he is entitled to release from custody pursuant to § 2241. An alien's detention pending removal from the United States is governed by Section 241(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a). The law provides that when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days. 28 U.S.C. § 1231(a)(1)(A). During the removal period, the alien must be detained. 28 U.S.C. § 1231(a)(2). If the alien has not been removed within the 90 day period, the alien shall be subject to supervision under regulations

---

[1] Petitioner was scheduled for removal in September 2014 on a charter flight out of Miami, Florida. The court is unaware of Petitioner's status at this time.

prescribed by the Attorney General. 28 U.S.C. § 1231(a)(3). However, the statute provides that an alien who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period. 28 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, the United States Supreme Court addressed the legality of post-order detention in the cases of two aliens previously admitted to lawful permanent resident status, but subsequently ordered deported. *Id.*, 533 U.S. at 684. The Court held that the "presumptively reasonable period of detention" in such cases was six months. *Id.* at 701. The Court stated that "[a]fter this six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* The Court further noted that for the detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* Finally, the Court held that not every alien must be released after six months, and that an alien may be confined until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

In *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2004), the Sixth Circuit held that removable aliens may be detained for a time reasonably required to complete removal proceedings in a timely manner. *Id.* at 268. Should the process take an unreasonably long time, the detainee may seek relief in habeas proceedings. *Id.;Habtegaber v. Jennifer*, 256 F. Supp. 2d 692, 696 (E.D. Mich. 2003). The post-order custody of deportable aliens such as Petitioner is reviewed under the procedures set forth at 8 C.F.R. §§ 241.4 and 241.13. The court notes that § 241.13 establishes procedures to

determine whether there is a significant likelihood that an alien will be removed from the United States in the foreseeable future.

Respondent contends that Petitioner has not met his burden of showing that there is no significant likelihood of his removal from the United States within the foreseeable future. It is Petitioner's initial burden to show that there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, at 701. Petitioner has the burden of providing this court with a good reason to believe that no such likelihood of his removal exists. *Id.* Once Petitioner has met this burden, the government must respond with evidence sufficient to rebut that showing. *Id.*

Petitioner has not provided the court with any evidence that supports a "good reason to believe" that his removal is unlikely in the reasonable foreseeable future. Petitioner's sole reason for his habeas request is that his detention had continued for over six months at the time he submitted his Petition. Here, unlike in *Zadvydas* there exists no institutional barrier to Petitioner's removal. This is not the situation presented in *Zadvydas* which involved two aliens with criminal records and the potential of permanent confinement. Neither of the aliens in *Zadvydas* could be repatriated to their native countries.

Petitioner has presented no evidence that could support a conclusion that his removal is unlikely in the reasonably foreseeable future. Instead, the government has established that Petitioner's removal is likely in the foreseeable future. There are no institutional barriers to removal.

Accordingly, it is recommended that the Petition be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: April 8, 2015